ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JORGE LUIS AROCHO RIVERA | | *Apelación* **acogida como** *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas |
|---|---|---|
| Recurrido | | |
| v. | KLAN202500428 | |
| LOURDES VARGAS RIVERA | | Caso Núm.: E FI2018-0017 |
| Peticionaria | | Sobre: Filiación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece la Sra. Lourdes Vargas Rivera (señora Vargas Rivera o Peticionaria) y nos solicita la revocación de la *Orden* emitida el 20 de marzo de 2025, notificada el día 24 siguiente, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). En el referido pronunciamiento, a solicitud del progenitor de la hija en común, el Lcdo. Jorge Arocho Rivera (licenciado Arocho Rivera o Recurrido),[1] el TPI autorizó la matrícula de L.I.A.V. en la Escuela Rexville Elemental de Bayamón.

**I.**

Los hechos relevantes de la presente causa se remontan al 2023, ocasión en que el TPI ordenó a que L.I.A.V. fuera evaluada por el Programa de Educación Especial del Departamento de Educación.[2] Ello así, porque la menor presenta varios diagnósticos que inciden sobre su aprovechamiento académico y su conducta.[3] Actualmente, la menor se beneficia de los servicios de dicha corriente educativa.

---

[1] El licenciado Arocho Rivera comparece por derecho propio.
[2] Apéndice, págs. 46-47.
[3] Apéndice, págs. 29; 30-45.

Número Identificador

RES2025_____

Se desprende del expediente que, el 5 de diciembre de 2024, el TPI ordenó a que la reunión del Comité de Programación y Ubicación (COMPU) en beneficio de la menor se celebrase "con la parte que comparezca".[4] El cónclave se llevó a cabo el 10 de diciembre de 2024, para discutir los hallazgos de las diez semanas del Programa de Educación Individualizado (PEI) de L.I.A.V.[5] Ambos padres asistieron: la madre de manera presencial y el padre mediante videollamada. En esa reunión, entre otras cosas, el COMPU recomendó y los progenitores aceptaron el cambio de ubicación de L.I.A.V. a un salón especial Ruta 2.[6]

Posteriormente, el 28 de enero de 2025, se celebró otra reunión del COMPU para discutir el informe de progreso de las veinte semanas y el cambio de ubicación de L.I.A.V.[7] En esta ocasión, el licenciado Arocho Rivera no compareció. Se le remitió una invitación, pero expresó que no podía asistir.[8] Sin embargo, del expediente surge que la reunión del cambio de ubicación no se podía seguir postergando "porque afectaría [académica] y emocionalmente a la menor. Además, podría perder el espacio en el salón especial de la Escuela Francisco López Cruz" de Naranjito.[9] En la *Minuta* se enfatizó que el TPI había ordenado que la reunión se llevara a cabo con la parte que compareciera y, al respecto, se procuró también orientación en la Secretaría Asociada de Educación Especial (SAEE).[10]

Según consta en la *Minuta,* la señora Vargas Rivera entendió y aceptó "el cambio de alternativa de ubicación recomendada por el COMPU de salón regular a salón especial Ruta 2".[11] Para la

---

[4] Apéndice, págs. 83-85, en particular, a la pág. 84.
[5] Apéndice, págs. 48-51.
[6] Apéndice, pág. 55.
[7] Apéndice, págs. 9-11; 12-17.
[8] Apéndice, págs. 10, acápite VI(c); 56.
[9] Apéndice, pág. 10, acápite VI(d).
[10] Apéndice, pág. 11, acápite 9.
[11] Apéndice, pág. 10, acápites 3 y 13.

asistencia a este plantel, se completó la solicitud del servicio de transportación por porteador, ya que la señora Vargas Rivera dijo no contar con un vehículo.[12] Asimismo, los miembros del COMPU aseguraron "que las recomendaciones y decisiones tomadas fueron conformes a las disposiciones de las leyes vigentes".[13]

L.I.A.V. está matriculada en la Escuela Francisco López Cruz en Naranjito desde el 30 de enero de 2025.[14] Según su Maestra de Educación Especial, Sra. Iris Mercado Ríos, y la Directora, Sra. Gloriana Peña Rosado, luego de un periodo de adaptación y la asistencia de servicios individualizados (TI), la menor ha mostrado interés en participar en clase y ha tenido progresos conductuales y académicos. La niña recibe varias terapias. Las profesionales proyectan que L.I.A.V. continúe en la misma ubicación, por ser ésta "la menos restrictiva y la de mayor beneficio para la estudiante".[15]

Así las cosas, el 11 de marzo de 2025, el TPI celebró una audiencia.[16] En la misma fecha, la señora Vargas Rivera presentó *Moción informativa sobre el último COMPU de la menor bajo el Programa de Educación Especial y solicitud de remedios*.[17] En ésta, resumió parte de los incidentes antes reseñados y solicitó la autorización del TPI para el cambio a la Escuela Francisco López Cruz en Naranjito en el año escolar 2025-2026, de modo que pudiera solicitar los servicios de transportación.

En la vista, el señor Arocho Rivera se opuso. Luego, el 17 de marzo de 2025, el Recurrido replicó por escrito.[18] Imputó a la Peticionaria haber mentido en el COMPU. En particular, el licenciado Arocho Rivera arguyó que la señora Vargas Rivera dijo

---

[12] Apéndice, págs. 10, acápite V(b); 10-11 acápites 5 y 6.
[13] Apéndice, pág. 11, acápite 12.
[14] Apéndice, págs. 57-58.
[15] Apéndice, pág. 58.
[16] En la vista se discutieron varios asuntos, pero únicamente nos remitiremos a los que atañen al recurso ante nuestra consideración.
[17] Apéndice, págs. 6-17.
[18] Apéndice, págs. 18-22.

que el TPI había ordenado el cambio a la escuela de Naranjito porque en la Escuela Rexville Elemental de Bayamón no había cupo, lo cual negó. No mostró evidencia, pero apostilló que este plantel ofrecía todas las terapias que la niña necesita y que ubicaba cerca de la residencia de ambos progenitores. Indicó que, luego de llamar a la Oficina Regional Educativa (ORE), obtuvo una plaza para L.I.A.V. en un salón contenido R2. Por consiguiente, peticionó que se ordenara la matrícula a la Escuela Rexville Elemental en Bayamón, así como la imposición de sanciones contra la señora Vargas Rivera, por violentar su patria potestad.[19]

La señora Vargas Rivera compareció ante el TPI para suplementar su petición original.[20] Rechazó las alegaciones del licenciado Arocho Rivera, las cuales tildó de falsas, por lo que invitó al TPI a revisar la *Minuta* del COMPU de 28 de enero de 2025. Reiteró que las condiciones diagnosticadas a L.I.A.V. ameritaban un cambio de ubicación y de escuela. Afirmó que la escuela donde antes se encontraba la menor tenía limitaciones que impedían un trato más personalizado a la niña.[21] Sostuvo que las únicas alternativas de planteles escolares en Bayamón fueron la Escuela Elemental de Santa Olaya y la Escuela de La Morenita, pero ninguna de éstas tenía espacios disponibles. Aclaró que la Escuela Francisco López Cruz en Naranjito quedaba a sólo 25 minutos de su residencia porque no había congestión de tránsito; a diferencia de la Escuela Rexville Elemental que, con el tráfico de la mañana, el trayecto era de 50 minutos.

---

[19] En la vista en el TPI, el Recurrido planteó que se le haría difícil buscar a la niña a la escuela de Naranjito, una vez se restauraran las relaciones paterno filiales. Insistió en que la su hija estudie en una escuela aledaña a su casa. Refiérase a la regrabación de la vista de 11 de marzo de 2025; 0:19:30; 0:29:00.

[20] Apéndice, págs. 23-61. En la vista de 11 de marzo de 2025, la representación legal de la Peticionaria acotó que fue el Departamento de Educación el que ubicó a L.I.A.V. en la Escuela Francisco López Cruz, la cual es especializada. Refiérase a la regrabación de la vista de 11 de marzo de 2025; 0:30:00.

[21] De la regrabación de la vista de 11 de marzo de 2025; 0:19:00, se desprende que estaba ubicada en Aguas Buenas. El Recurrido reconoció las deficiencias de dicho plantel.

El licenciado Arocho Rivera ripostó brevemente.[22] Expresó que no compareció al último COMPU porque "la directora escogió específicamente una fecha a la cual no podía asistir para llevar a cabo dicha reunión sin dar alternativa alguna".[23] Dijo que ese día tenía una vista en un tribunal. Delimitó la controversia a la distancia del plantel escolar donde debía matricularse a L.I.A.V. Al respecto, indicó que, en el pasado, la señora Vargas Rivera trabajó cerca de la Escuela Rexville Elemental de Bayamón, pero no precisó cuánto tiempo demoraba el tráfico, en comparación con la Escuela Francisco López Cruz.

Al evaluar los argumentos, el 20 de marzo de 2025, archivada en autos la copia de la notificación de la *Orden* el 24 de marzo de 2025, el TPI dictó la decisión impugnada, en la que expresó: "**Se autoriza la matrícula en la [E]scuela Rexville Elemental, ya que la distancia es menor para ambos padres y provee las terapias necesarias para la menor**".[24] (Énfasis en el original).

No conteste, la señora Vargas Rivera solicitó la reconsideración del dictamen.[25] Planteó que la determinación no tomó en consideración la prueba documental presentada antes aludida ni se fijó una vista evidenciaria para escuchar los testimonios de los funcionarios del Programa de Educación Especial.

Por su parte, el licenciado Arocho Rivera se opuso.[26] Esgrimió que, a base de la Planilla de Información Personal y Económica (PIPE), la señora Vargas Rivera sí tenía transporte. Reiteró la supuesta conducta mendaz de la madre; y aseguró que ella fue quien solicitó el cambio de escuela a una lejana a la residencia de

---

[22] Apéndice, págs. 62-63. Cabe señalar que el Recurrido solicitó al TPI referir "al foro disciplinario" a la representante legal de la Peticionaria; pero el TPI declaró No Ha Lugar dicha solicitud. Véase, Apéndice, págs. 63 y 2, acápite 3.
[23] *Id.*
[24] Notificada el 24 de marzo de 2025. Apéndice, págs. 1-2.
[25] Apéndice, págs. 64-81.
[26] Apéndice, pág. 82.

ambos progenitores. Persistió en que la funcionaria escolar había escogido la fecha de la reunión del COMPU porque él no podía asistir ese día, a pesar de haber sugerido otras. Acotó que, al igual que el TPI, no fue hasta marzo que advino en conocimiento que la menor había sido matriculada en el plantel sito en Naranjito.

Entonces, el TPI no dio paso a la reconsideración el 9 de abril de 2025, lo cual notificó el día 11 siguiente.[27] Insatisfecha todavía, la Peticionaria acudió oportunamente ante nos, mediante una apelación, la cual acogemos como un recurso discrecional de *certiorari*[28] y señaló la comisión del siguiente error:

> **ERRÓ EL TPI EN LA APRECIACIÓN DE LA PRUEBA Y ABUSÓ DE SU DISCRECIÓN AL ORD[E]NAR EL CAMBIO DE ESCUELA DE LA MENOR A PESAR DE LAS RECO[MEN]DACIONES DEL PROGRAMA DE EDUCACIÓN ESPECIAL DEL DEPARTAMENTO DE EDUCACIÓN Y EN PERJUICIO DEL MEJOR BIENESTAR DE LA MENOR.**

En cumplimiento de nuestra *Resolución* de 16 de mayo de 2025, el licenciado Arocho Rivera compareció mediante un *Alegato de la parte apelada.* Con el beneficio de ambas posturas, resolvemos.

**II.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

---

[27] Apéndice, pág. 3; además, págs. 4-5.
[28] Por economía procesal, conservamos la clasificación alfanumérica otorgada en Secretaría.

Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita taxativamente las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone que, por excepción, estamos autorizados a expedir un recurso de *certiorari* en los **casos de relaciones de familia**. *Id*. Añade la norma procesal que, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". *Id.*

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40.

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### III.

En la causa del epígrafe, la Peticionaria aduce que el TPI incidió al apreciar la prueba, por lo que sostiene que abusó de su discreción al ordenar el cambio de escuela de L.I.A.V., a pesar de las recomendaciones del Programa de Educación Especial del Departamento de Educación, en perjuicio del mejor bienestar de la menor.

De otro lado, el Recurrido alega que los documentos del expediente escolar de su hija revelan la recomendación de un cambio de un salón regular a un salón contenido Ruta 2, no así el

traslado al plantel escolar ubicado en Naranjito. Añade que el TPI consignó que la Escuela Rexville Elemental de Bayamón no sólo estaba cerca de la residencia de ambos progenitores, sino que el plantel "provee las terapias necesarias para la menor". Apunta que la señora Vargas Rivera matriculó a L.I.A.V. en un plantel distante, en alusión a la Escuela Francisco López Cruz en Naranjito, sin su anuencia ni la autorización del TPI.[29]

Expuesto lo anterior, si bien el asunto planteado está contenido en las materias que consigna la Regla 52.1 de Procedimiento Civil, *supra*, opinamos que las contenciones de la Peticionaria no se ajustan a ninguno de los criterios de la Regla 40 de nuestro Reglamento. Además, estimamos que el proceder del TPI se encuentra dentro del marco de su amplia discreción.

Así, pues, evaluados los hechos que informa esta causa, junto a los documentos unidos al expediente, determinamos que no se justifica nuestra intervención con la actuación del foro impugnado. La Peticionaria no demostró que el TPI incurriese en prejuicio, parcialidad, abuso de discreción o error craso y manifiesto, al ordenar matricular a L.I.A.V. en un plantel escolar cercano a las residencias de ambos litigantes y donde se proveen los recursos educativos que necesita.

**IV.**

Por los fundamentos expuestos, denegamos expedir el recurso discrecional de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[29] Cabe señalar que, entre otras órdenes, el TPI mandató que de la Escuela Francisco López Cruz se le notifique y consulte al Recurrido toda la información de la menor. Refiérase a la regrabación de la vista de 11 de marzo de 2025; 0:22:00.